PeaesoN, J.
 

 The Act of 1850, chap. IT, makes it the duty of the clerks of the County and Superior Courts, “
 
 to issue executions
 
 on all judgments rendered in their Courts, unless otherwise directed by the plaintiff, within six weeks of (after) the rendition of such judgment, and to endorse
 
 wpon the record
 
 the date of such issuingand for failure to comply' with
 
 the requirements
 
 of the Act, subjects the clerk to an amersement of $100, and to an action for damages.
 

 
 *100
 
 This statute is highly penal, and must be-construed strictly; by which is meant, not an adherence to-the- yery letter, but that no intendment or inference can be made to supply an omission, of aid the generality of the language used.'
 

 In regard to the execution issued to the county of'Davie, to say that it is a compliance with one of the requirements of the Act would be “ sticking to the letter.”’ There was no-more reason for issuing the execution to that county,, than to any other county in the State. The judgment was not rendered in that county;, neither of the defendants lived there,, or had any property there: so the- defendant can take no benefit from- the fact that he- did issue this execution. But, on the-other hand, he ought not to be prejudiced for doing so. lie-attempted to do. his duty, but made a mistake: which certainly is no worse- ('even if it be as bad) than if he had wholly neglected his duty, and had issued no- execution at all.. This circumstance, therefore,, may be put out of the case.
 

 We are satisfied that the requirement to “ endorse on the-record the date of the issuing,” means that the entry should be made on the “execution docket,” and is not complied with by an entry on- the execution. If a sheriff failed- to return an-execution, the plaintiff,- in order, to amerse him, had to- rely on the affidavit of the clerk to prove that an execution had been issued, and in time to- be served. In many cases, the-clerk’s recollection did not enable him- to prove these facts-satisfactorily, and it was thought best to provide higher evidence by requiring the clerk, when he issued an execution, to-put the date of “ such issuing” upon the
 
 “
 
 record.” It will be-seen at once that this purpose of the Statute is not effected by making the entry upon the execution : if the sheriff returns-it there is no cause of complaint: if he fails to do so, there is no proof but the “ slippery memory” of the clerk. We have no-doubt the defendant, and many other clerks;, have fallen into-this error by not adverting to the object of the Statute; being misled by the fact, that they are required to enter upon “ process” the day it issues, and that sheriffs are required to endorse upon all writs “ when they came to hand.” The clerk of this
 
 *101
 
 Court, who is a gentleman of jnuch experience, informs us, that although the Act did not apply to him, yet in «endeavoring to conform to it he has committed the same mistake.
 

 As the execution to Davie, upon which this entry was made, was of no force or effect, a failure to endorse on the record the date of its issuing can make no sort of difference.; it would be “sticking to the letter,” to hold that a elerk was liable to amersement for not entering upon the record the day he issued an execution that was of no account;; so that this circumstance may also be put out of the case.
 

 The question then is this : the judgment was rendered in Forsyth; one of the defendants resided in that county: the ether two defendants resided in Ashe, and the writ issued to that county: is the clerk liable to an amersement for not issuing an execution to Ashe ?
 

 It may be remarked that although no writ issued to the county of Forsyth, where the defendant Lash resided, yet one ought to have issued in order to give the county of For-syth jurisdiction : for the plaintiff, being acorporation, had no locality; and it was the residence of Lash alone, that gave that county jurisdiction : Suppose he had a night to waive the necessity of a writ and to accept service of the writ directed to Ashe, still the defendant cannot be prejudiced, because there was, in fact, no writ to Forsyth.
 

 The clerk is required to “ issue an execution;” but the Statute is silent as to the county to which it must be issued. In this it differs from the statute concerning bail, which requires the plaintiff to cause a ca. sa. to be issued against the principal “ to the proper county,” that is, the county of his residence, which is taken
 
 ¡prima facia,
 
 to be the county to which the process, under which he was arrested was directed.
 
 We
 
 can, therefore, see nothing by which it is made the duty of a clerk to take upon himself the responsibility of deciding which is the proper county to which execution should be issued; unless all the defendants reside and have property in the county where'the judgment is rendered, this is a question of no little difficulty : the analogy of a ca. sa. to charge bail, will not solve it; because
 
 *102
 
 there the object is to take the body : but in an execution tlie object is to find property: A man may be in one county and have his property in another: or he may own property in several counties: or if there be several defendants, they may reside and own property in several counties : Are we at liberty in the construction of a penal Statute, by intendment or inference, to supply this omission and aid the generality of the language used? We think not: if thereby the responsibility of deciding which is the proper county, is to be put on the clerk: and are inclined to the opinion that a clerk will protect himself from amersement by issuing an execution to his own county in the absence of special directions from the plaintiff. We do not, however, feel at liberty to conclude the question by so deciding in the present case, because it is not necessary to put the decision on that ground alone, inasmuch as there are other facts connected with it, so as to put the question beyond doubt. Our clerk informs us, that in the absence of instructions, he always issues the execution to the county from which the case is sent, without reference to the county to winch the process issued.
 

 Let it be assumed, for the sake of argument, that the defendant could have protected himself from an amersement by showing, that, in the absence of special instructions, he had “taken the responsibility” and issued the execution to Ashe ; still it does not follow that he is liable to an amersement for not doing so, if he could also protect himself by showing that he had issued an execution to Forsyth.
 

 A judgment ni. si. for an amersement is rendered in a summary way upon motion ; but still the allegations necessary to show that the party is entitled to it are made, or are presumed to be made, in the same way as if they were orderly set forth in a declaration. Suppose a bond with a condition by which a party is bound to issue an execution either to Ashe or to For-syth, and the breach assigned is, that an execution wms not issued to Ashe : this would be bad on demurrer, because the declaration does not show a good cause of action ; for the condition being in the alternative, the breach assigned should be
 
 *103
 
 that he had failed to issue an execution either to Ashe
 
 or For-syth,
 
 consequently there is error in the judgment by which the defendant is amersed for not issuing an execution to the county of Ashe, if he could have also issued it properly to Eorsyth. So the question is narrowed to this; suppose he had issued an execution to Eorsyth, would that have protected him from amersement ?
 

 We have seen above, from a general view, that Eorsyth was the proper county : but in this case one of the defendants resided in that county; so in addition to the reason for preferring that county because the judgment was rendered there, we have the further reason of the residence of one of the defendants, which latter reason, puts it on precisely the same footing in this respect as the county of Ashe. When the defendants reside in different counties, (unless it be held that the clerk is bound to issue an execution to both counties, for which construction, the statute furnishes no grounds) he certainly has a right to issue it to the county where one of the defendants resides, that being also the county in which the judgment was rendered.
 

 It is said had the defendant issued an execution to Eorsyth, he could have relied on that fact by way of defense; but as he did not do so, he has no excuse.
 

 This depends upon whether the defendant would have complied with the requirements of the Statute, by issuing an execution either to
 
 Ashe or
 
 Eorsyth ; for if so, he was not liable to amersement for “failing to issue an'execution to Ashe,” and his failing to issue an execution to Eorsyth was a substantial averment, which it was necessary for the plaintiff to make in order to entitle himself to judgment. If the motion to arnerse had been put on the ground that the defendant had failed to issue an execution
 
 either to Ashe or
 
 Forsyth, we do not see how he could have escaped. But the motion is put expressly on the ground, that he did not issue an execution to Ashe : This raises a question of pleading — suppose one covenants to deliver a horse on a certain day, either at the city of Raleigh
 
 or
 
 the town of Salem : the breach assigned is a fail-
 
 *104
 
 lire to deliver a horse “ at the city of Kaleigh if the covenant be set forth, it is clear the objection that there was not also an averment that he had failed to deliver a horse at the town of Salem, would be fatal on demurrer, motion in arrest of judgment or writ of error : if it be not set forth in the declaration, there would, upon the trial be a fatal variance, and the plaintiff must be nonsuited.. This is a familiar rule of pleading, based on the ground, that a plaintiff must make all averments necessary to entitle him to judgment. After he does so, then any matter of justification, excuse or discharge, comes in by way of defense.
 

 Judgment reversed, and judgment for the defendant. *
 

 Pee CueiaM.